In re BEAHN.

(District Court, D. Massachusetts. December 17, 1912.)

No. 18,436.

BANKRUPTCY (§ 143*)—LIQUOR LICENSE—ASSIGNMENT.

A bankrupt would not be compelled to assign his liquor license or assist the trustee in disposing of it for the benefit of the estate, when it neither appeared that it was the custom of the licensing board to allow a licensee to surrender his license and nominate his successor, nor that it was the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

custom of the licensing board to issue a new license in place of the one surrendered and, having done so, to grant a refund.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 194, 201, 202, 213–217, 223, 224; Dec. Dig. § 143.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Joseph L. Beahn. On application for an order to compel the bankrupt to surrender a liquor license. Referred back to referee, with instructions to take further evidence.

Marvin M. Taylor, of Worcester, Mass., for trustee.
William C. Mellish, of Worcester, Mass., for bankrupt.

MORTON, District Judge. The peculiar custom of the Boston Licensing Board allowing a licensee not only to surrender his liquor license, but also to nominate his successor, referred to in Re Fisher, 103 Fed. 860, 43 C. C. A. 381, 51 L. R. A. 292, has never prevailed generally throughout the state. No such custom is found to exist in the city of Worcester. The usual practice is, I believe, for licensing boards upon the unconditional surrender of such a license to grant a new one in place of it, and, having done so, to refund part of the fee paid for the surrendered license. The effect of the Boston custom is to make the license itself salable, which is not the case when the surrendering licensee has no voice in the selection of the person to whom the new license shall be granted.

The Fisher Case holds that when a bankrupt, by doing some merely formal act, can in all probability obtain assets for his estate, he is bound to take such action upon the trustee's request therefor. If the usual custom, as I understand it, were found to exist in Worcester, I should feel bound by the Fisher Case to order the licensee to surrender his license and assign his rights in the refund to his trustee in bankruptcy. The referee's report, however, does not state that it is the practice or custom of the Worcester Licensing Board either to issue a new license in place of one surrendered, or, having done so, to grant a refund. The Licensing Board cannot be compelled to do either, and in the absence of a custom to do both it does not appear that the surrender will probably benefit the estate. The most that can be said on the report is that the surrender possibly might do so, which is not enough. The attention of the referee seems to have been directed chiefly to the assignment or transfer of licenses. No investigation appears to have been made as to the usual custom when licenses are merely surrendered. Until that is stated, I do not see how the case can be rightly decided.

The report is recommitted to the referee, with instructions to take evidence and state the facts as to the custom, if any, in Worcester, of granting another license in place of one surrendered, and of refunding from the proceeds of the new license a part of the fee paid for the original license, and as to the probability of the bankrupt's estate benefiting by his surrender of his liquor license.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes